UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD H.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:20-cv-02109-RBM<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**[Doc. 15]** |

On October 27, 2020, Plaintiff, Donald H. ("Plaintiff") filed a complaint against the Commissioner of Social Security ("Commissioner" or "Defendant"),[1] seeking judicial review of the Commissioner's decision denying her application for Social Security Disability Insurance and Supplemental Security Income benefits. (Doc. 1.) The parties jointly moved to remand the action to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 10.) On June 8, 2021,

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is therefore substituted for Andrew M. Saul as Defendant. *See* 42 U.S.C. § 405(g); FED. R. CIV. P. 25(d).

1

the undersigned granted the motion and remanded the action to the Social Security Administration for further administrative proceedings consistent with the terms set forth in the parties' joint motion. (Doc. 11.)

On September 1, 2021, the parties filed a joint motion for the award and payment of attorney fees and expenses ("Joint Motion") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), which was denied without prejudice for failure to attach an itemized statement as required under Section 2412(d)(1)(B). (Docs. 13, 14.) The parties now renew their Joint Motion (Doc. 15) and move for an award to Plaintiff of attorney fees and expenses in the amount of **six hundred fifty-four dollars and fifty cents ($654.50)** under the EAJA and costs in the amount of **four hundred twelve dollars and fifteen cents ($412.15)** under 28 U.S.C. § 1920. (Doc. 15 at 1–2.) In their Joint Motion, the parties state these amounts represent compensation for all legal services rendered on behalf of Plaintiff by his counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d). (*Id.* at 2.)

The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment. *See* 28 U.S.C. § 2412(d). "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted). Therefore, Plaintiff is the prevailing party in this action for purposes of awarding attorney's fees.

"A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Id.* (internal citation omitted). Federal Rule of Appellate Procedure 4(a)(1)(B) provides for a sixty-day appeal period in cases in which the United States is a party or a United States officer or employee is sued in an official capacity. Here, the sixty-day appeal

/ / /

/ / /

/ / /

period for the undersigned's June 8, 2021 order and judgment expired on or about August 9, 2021. The sentence four remand is now a final judgment and the parties' Joint Motion is timely.[2]

Pursuant to the EAJA, the amount of fees awarded are "based upon prevailing market rates for the kind and quality of the services furnished . . ." *See* 28 U.S.C. § 2412(d)(2)(A). "[A]ttorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit's 2020 statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, was $207.78. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Sept. 23, 2021) (citing 28 U.S.C. § 2412 (d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005); Ninth Circuit Rule 39–1.6).

At an hourly rate of $207.78, the requested fee award represents compensation for approximately 3.15 hours of work performed by Plaintiff's counsel, four-hundred dollars ($400.00) for a filing fee, and twelve dollars and fifteen cents ($12.15) for postage. (Doc. 15–2 at 1); *see Thorne v. Saul*, No.: 18cv1874-MMA (LL), 2019 WL 3974088, at *2 (S.D. Cal. Aug. 22, 2019) (granting request for filing cost of $400.00 as recoverable costs under the EAJA which compensates for fees of the clerk); *see also Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (affirming district court's award of costs under EAJA, including postage expenses). Work performed by Plaintiff's counsel consists of reviewing the case, filing a complaint (Doc. 1), and serving Defendant with the summons and complaint. (Doc. 15–2 at 1.) Having reviewed the parties' Joint Motion and relevant

///

---

[2] The parties' initial Joint Motion filed September 1, 2021 will be considered for purposes of determining timeliness. (Doc. 13.)

3

authority, the undersigned finds the request for attorney fees, expenses, and costs reasonable. (Doc. 15.)

For good cause shown, the Joint Motion is **GRANTED**, subject to the terms of the parties' Joint Motion. Accordingly, the undersigned **AWARDS** Plaintiff attorney's fees and expenses in the amount of **six hundred fifty-four dollars and fifty cents ($654.50)** and costs in the amount of **four hundred twelve dollars and fifteen cents ($412.15)**.

**IT IS SO ORDERED**.

Dated: September 23, 2021

*Ruth Bermudez Montenegro*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE